**NOT FOR PUBLICATION**

```
                  UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW JERSEY
                                        :
TREASA FENNIE,                          :   CIVIL ACTION NO. 11-753 (MLC)
                                        :
     Plaintiff,                         :        O P I N I O N
                                        :
     v.                                 :
                                        :
D'ANNE BREVETTI,                        :
                                        :
     Defendant.                         :
                                        :
```

**THE PLAINTIFF**, who is pro se, applies for in-forma-pauperis relief under 28 U.S.C. § 1915 ("Application"). (Dkt. entry no. 1, Appl.) The Court will (1) grant the Application, and (2) deem the Complaint to be filed. The Court may now (1) review the Complaint, and (2) dismiss it sua sponte if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B). The Court will dismiss the Complaint, as it fails to state a claim on which relief may be granted.

### BACKGROUND

**I. DEFENDANT**

The plaintiff identified the defendant, D'Anne Brevetti, as the "managing agent" of either "Region Nine - New Brunswick UAW Housing Corp." or "Region Nine Housing Corp." (Dkt. entry no. 1, Compl.; Appl; dkt. entry no. 1, Civil Cover Sheet.) The Court's own research on Westlaw databases, the New Jersey State Business

Gateway Service database, and the website for the Region Nine Housing Corporation ("RNHC") reveals that (1) RNHC's state of incorporation is unclear, but its principal place of business is in New Jersey, and (2) New Brunswick U.A.W. Housing Corp. ("NBUAW") is a New Jersey corporation with its principal place of business in New Jersey.  See also Jenkins v. Region Nine Hous. Corp., 306 N.J.Super. 258, 258, 261 (N.J. App. Div. 1997) (noting RNHC is corporation); Richard Khavkine, A Permanent Remembrance, Home News Tribune, Mar. 30, 2008 (noting RNHC has its main office in New Jersey, and NBUAW operates as sole owner of certain housing project); Nawal Qarooni, Saving A Parking Space For Seniors, Star-Ledger, Oct. 19, 2006 (noting RNHC and NBUAW are corporations).  The Court's research also reveals that Brevetti is a New Jersey citizen.

## II. PLAINTIFF

The plaintiff is a New Jersey citizen who is a resident of a housing project managed by NBUAW.  (Compl. at 1.)

## III. RELATED ACTION

It appears that NBUAW has brought a landlord-tenant action ("Landlord-Tenant Action") in New Jersey state court against the plaintiff.  See New Brunswick UAW v. Fennie, No. LT-3067-11.

## IV. 42 U.S.C. § 3535

42 U.S.C. § 3535 concerns administrative provisions relating to the United States Department of Housing and Urban Development ("HUD").  The statute provides that the Secretary of HUD is

authorized to make rules and regulations to carry out HUD's functions, powers, and duties. 42 U.S.C. § 3535(d).

**V.    24 C.F.R. § 245.15(a)**

24 C.F.R. § 245.15(a) is a regulation concerning the manner in which tenants of a housing project must be notified concerning (1) a request for approval of a rent increase, (2) changes in the manner in which utilities are paid, (3) conversion of residential units to certain other purposes, (4) transfer of a housing project to another entity, (5) a partial release of a mortgage security, and (6) capital additions. The regulation permits such notices to be posted publicly.

## THIS ACTION

The plaintiff alleges that Brevetti "put sensative [sic] private correspondence on outside of rented unit for all to see". (Compl. at 1.) Apparently, a confrontation ensued, and the plaintiff was "disciplined unnecessarily" and "management . . . issued [her] an infraction". (Id.) As a basis for jurisdiction, the plaintiff alleges that "[p]ursuant to 24 [C.F.R.] § 245.15(a), [she] was violated several times", and cites 42 U.S.C. § 3535. (Id.) Thus, jurisdiction is premised upon 28 U.S.C. § 1331.

## THE COMPLAINT WILL BE DISMISSED

42 U.S.C. § 1983 may provide a conduit to tenants of certain housing projects to bring a private cause of action to address a violation of federal housing laws by state officials. Shaw v.

3

Phila. Hous. Auth., No. 90-7650, 1991 WL 97681, at *4 (E.D. Pa. May 28, 1991) (discussing Wright v. Roanoke Redev. & Hous. Auth., 479 U.S. 418 (1987)); see Diggs v. Hous Auth., 67 F.Supp.2d 522, 531-32 (D. Md. 1999) (finding private cause of action available under 42 U.S.C. § 1983 for violation of HUD regulation 24 C.F.R. § 966.4(d)(1)).  In addition, 42 U.S.C. § 3535(d) may not embody a statutory intent to foreclose enforcement under 42 U.S.C. § 1983.  See Williams v. U.S. Dep't of Hous. & Urban Dev., No. 04-3488, 2006 WL 2546536, at *9 (E.D.N.Y. Sept. 1, 2006).  But the regulation cited by the plaintiff — 24 C.F.R. § 245.15(a) — (1) does not concern anything that could be construed as sensitive, private correspondence that is not proper to publicly post, (2) cannot be interpreted to limit public postings in a housing project only to the topics enumerated therein, and (3) in any event, permits public postings.  Thus, there is no basis for a federal claim here under that regulation.[1]

Even if there were a basis for a claim here, it would be dismissible because a claim brought under the auspices of 42

---

[1] The HUD regulations appear to generally require notices to be publicly posted.  See, e.g., 24 C.F.R. § 247.4 (stating that when landlord determines to terminate a tenancy, landlord must (1) specifically state in writing the reasons for the landlord's action, and (2) serve notice by, among other means, affixing notice to the door of the leased dwelling).  Indeed, if the notice affixed to the plaintiff's dwelling here was a notice concerning the termination of her tenancy, then the posting of that notice was proper under the relevant regulations, thereby making the plaintiff's claim frivolous.  See id.

U.S.C. § 1983 is viable only against those acting under color of state law.  See 42 U.S.C. § 1983.  NBUAW and RNHC are private entities, and cannot be deemed to be state actors.  See Hussein v. New Jersey, 403 Fed.Appx. 712, 716 (3d Cir. 2010) (stating private landlord seeking to evict tenant is not state actor under 42 U.S.C. § 1983).

 Although the Complaint cites a federal statute and a federal regulation, it is actually an action to recover damages for harassment, infliction of emotional distress, or invasion of privacy pursuant to state law.  Those causes of action do not arise under federal law, as they "do[] not fit within th[at] special and small category", and "it takes more than a federal element to open the 'arising under' door".  Empire Healthchoice Assur. v. McVeigh, 547 U.S. 677, 699-701 (2006) (quotations and citations omitted); see Merrell Dow Pharms. v. Thompson, 478 U.S. 804, 813-17 (1986) (affirming remand of removed state negligence action that was based on theory that defendant violated federal law); Kalick v. Nw. Airlines Corp., 372 Fed.Appx. 317, 320-21 (3d Cir. 2010) (stating contract and fraud claims derived from the interpretation of federal aviation regulation does not give rise to federal jurisdiction), cert. denied, 131 S.Ct. 348 (2010); Jayme v. MCI Corp., 328 Fed.Appx. 768, 770 (3d Cir. 2008) (stating, in dispute over caller identification service, fact that contract is subject to federal regulation does not, in

itself, demonstrate existence of federal jurisdiction); JVC Ams. Corp. v. CSX Intermodal, 292 F.Supp.2d 586, 592 (D.N.J. 2003) (stating removed action should be remanded when federal law is merely referenced or mentioned in claim).  Furthermore, an action that amounts to nothing more than a landlord-tenant dispute does not give rise to federal jurisdiction, even if federal statutes or regulations are cited in a complaint.  Groves v. Wilson, 404 Fed.Appx. 705, 707 (3d Cir. 2010).

It is also apparent that jurisdiction under 28 U.S.C. § 1332 is lacking, as the plaintiff, Brevetti, NBUAW, and RNHC are deemed to be New Jersey citizens.  See 28 U.S.C. §§ 1332(a)(1), (c)(1).

The Court, if not dismissing the Complaint, would have been inclined to abstain here due to the related Landlord-Tenant Action.  A federal court must abstain, pursuant to the Younger abstention doctrine, when (1) a state court action is ongoing, (2) important state interests are implicated, and (3) there is an adequate opportunity to raise federal claims in state court.  See Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 435 (1982); Younger v. Harris, 401 U.S. 37, 43-54 (1971).  The Court cannot interfere with the ongoing Landlord-Tenant Action.  In addition, the plaintiff can address the violation of any federal regulation within the Landlord-Tenant Action.  See Edward Gray Apartments - Region Nine Hous. Corp. v. Williams, 352 N.J.Super. 457, 460-66 (N.J. App. Div. 2002) (addressing defenses

that were based on federal regulations in landlord-tenant action); 24 C.F.R. § 247.6 (concerning procedure in eviction proceedings).[2]

The Court will dismiss the Complaint for failing to state a claim on which relief may be granted.  But the Court will do so without prejudice, and grant the plaintiff leave to recommence the action in state court.  See 28 U.S.C. § 1367(d) (concerning state law claims surviving dismissal of federal claims).  The Court will issue an appropriate order and judgment.

        s/ Mary L. Cooper
        **MARY L. COOPER**
        United States District Judge

Dated:  May 10, 2011

---

[2] The Court also notes that NBUAW and its employees are not converted into state actors for the purposes of 42 U.S.C. § 1983 by bringing the Landlord-Tenant Action.  See Keisling v. Renn, No. 10-4346, 2011 WL 1632955, at *1 (3d Cir. May 2, 2011) (stating parties who brought foreclosure action in state court were not converted to state actors by merely resorting to the courts).