**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| TREASA FENNIE, | CIVIL ACTION NO. 11-753 (MLC) |
| Plaintiff, | **O P I N I O N** |
| v. |  |
| D'ANNE BREVETTI, |  |
| Defendant. |  |

**THE COURT**, in an Opinion and an Order and Judgment dated May 10, 2011 ("May 2011 Opinion" and "May 2011 Order"), dismissed the Complaint pursuant to 28 U.S.C. § 1915 insofar as it may be construed to assert claims under (1) federal jurisdiction, with prejudice, and (2) state law, without prejudice to recommence the state law claims in state court. (Dkt. entry no. 3, 5-10-11 Order & J.; dkt. entry no. 2, 5-10-11 Op.) The Court assumes that the plaintiff is familiar with the contents of the May 2011 Opinion and the May 2011 Order, and will not repeat their contents here.

**THE PLAINTIFF**, who is pro se, now files a "Petition To Amend Complaint [and] For New Trial". (Dkt. entry no. 4.) The plaintiff is attempting to amend her claims by adding several new defendants, deleting most of her previous claims, and asserting what appears to be almost completely new claims ("Apparent Claims"). The motion will be denied.

**THE PLAINTIFF** fails to address the fact that the Complaint has been dismissed and that the action has been designated as being closed.  The plaintiff neither requests that the action be reopened, nor cites any basis to reopen the action under any case law, federal statute, Federal Rule of Civil Procedure, or Local Civil Rule.

**THE PLAINTIFF** is attempting to raise entirely new claims against several new defendants under the same civil action number.  In the Complaint, the plaintiff sought relief under 42 U.S.C. § 3535 and 24 C.F.R. § 245.15(a), and thus through 42 U.S.C. § 1983.  The plaintiff now relies on 42 U.S.C. § 3613 (see dkt. entry no. 4, at 1), which permits an aggrieved person to commence a civil action with respect to a discriminatory housing practice within two years of an occurrence.  The plaintiff will not be permitted to alter the entire character of the action under the same civil action number.

**CLAIMS** brought pursuant to 42 U.S.C. § 3613 must allege a discriminatory housing practice as defined by 42 U.S.C. §§ 3602 and 3604.  See Tenafly Eruv Ass'n v. Bor. of Tenafly, 309 F.3d 144, 157 n.13 (3d Cir. 2002).  The Apparent Claims, in any event, fail to state a cause of action, as they do not contain any details of discriminatory conduct by the defendants that has been directed at the plaintiff.  See Mitchell v. Walters, No. 10-1061, 2010 WL 3614210, at *6 (D.N.J. Sept. 8, 2010) (dismissing claims,

as they were "bereft of any facts which directly charge or even permit the reasonable inference that Defendants' challenged actions were motivated by" discriminatory intent, and were based only on "suspicion, speculation and conclusory assertions").

    **THE PLAINTIFF** alleges that she "was denied a unit after submitting an application", but adds "the decision was reversed after I requested a hearing", and thus she has already received relief. (See dkt. entry no. 4-1, at 1.) Also, any cause of action as to that allegation arose in November 2008, more than two years ago. (See dkt. entry no. 4-3, at 2 (11-17-08 Determination noting application approval).) The allegation that the defendants are "exposing tenants to identity theft" by posting notices on doors provides no basis for a claim under 42 U.S.C. § 3613. (See dkt. entry no. 4-1, at 1.) The allegation that the defendants "called the local police and slandered me" is a state law claim. (Id.) The allegation concerning a "forged, incomplete email document" concerning the calculation of the plaintiff's income fails to state a claim under 42 U.S.C. § 3613, and in any event is patently without merit. (Id.) The remaining allegations concerning "harassment" — the plaintiff's use of a community room has been restricted as a favor to longer-tenured tenants; a security guard and "the maintenance man's son" stole jewelry from her apartment, but she admittedly cannot provide proof of same; other tenants receive rental reminders under their doors, whereas

she does not (id. at 1-2) — may give rise to causes of action under state law, but not under 42 U.S.C. § 3613.

**THE COURT** noted in the May 2011 Opinion that there was a related landlord-tenant action ("Landlord-Tenant Action") pending in New Jersey state court against the plaintiff. (See May 2011 Op. at 2, 6-7.) See New Brunswick UAW v. Fennie, No. LT-3067-11. The plaintiff has failed to address the Court's concerns as to the ramifications of the Landlord-Tenant Action on this federal action in the "Petition To Amend Complaint [and] For New Trial".

For all of the aforementioned reasons, the Court will deny the "Petition To Amend Complaint [and] For New Trial". The Court will issue an appropriate order.

                                          s/ Mary L. Cooper
                                          **MARY L. COOPER**
                                          United States District Judge

Dated:  June 2, 2011